UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60789-CIV-GAYLES/SELTZER

ROSE MARY PAOLINO and
JEFFREY PAOLINO,

                          Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR NEW RESIDENTIAL
PASS-THROUGH TRUST V and
NATIONSTAR MORTGAGE, LLC,

                          Defendants.              /

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Barry S. Seltzer's Report and Recommendation [ECF No. 25] ("Report").  On April 11, 2018, Plaintiffs filed the instant action alleging breach of contract and violations of the Real Estate Settlement Procedures Act ("RESPA") and the Florida Consumer Collection Protection Act ("FCCPA"). [ECF No. 1]. On June 8, 2018, Defendants moved to dismiss arguing that this Court should apply *Colorado River* abstention to allow a parallel foreclosure action in state court to proceed. [*See* ECF No. 12, at 12 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976))]. On June 18, 2018, the Court referred the action to Magistrate Judge Barry S. Seltzer pursuant to 28 U.S.C. § 636(b)(1)(B) for a ruling on all pretrial nondispositive matters and for a report and recommendation on any dispositive matters. [ECF No. 14]. On July 24, 2018, Judge Seltzer issued his Report recommending that the Court grant Defendants' motion in part, abstain pursuant to *Colorado River*, and stay this case pending resolution of the state court foreclosure action. [ECF No.

25]. Plaintiffs timely objected to the Report, arguing that Judge Seltzer misapplied the *Colorado River* factors. [ECF No. 26].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Following a *de novo* review, the Court agrees with Judge Seltzer's well-reasoned analysis and agrees that this Court should abstain pursuant to *Colorado River*. In their Objections, Plaintiffs cite to four cases, each of which the Court finds readily distinguishable from this action. In *Bianchetti v. JPMorgan Chase Bank, N.A.*, No. 15-cv-4107, 2016 WL 1262458 (D.N.J. Mar. 31, 2016), for instance, the district court found that there was not an "ongoing" parallel proceedings because the parties had filed a stipulation of dismissal in the state court. And in the other cases Plaintiffs cite, none of the state court actions were as progressed as the state court action here, which is set for trial in November 2018. *See, e.g.*, *Hamilton v. Suntrust Mortg. Inc.*, 6 F. Supp. 3d 1300, (S.D. Fla. 2014) (noting the "glaciel pace of the state court foreclosure action").[1]

---

[1]   The Court notes one nondispositive error in the Report: the first *Colorado River* factor favors abstention only where the federal action is *in rem* or *quasi in rem*. *See Hamilton*, 6 F. Supp. 3d at 1306 ("[W]hile the state court foreclosure action is an *in rem* proceeding, this case does not involve jurisdiction over property, but rather seeks damages . . . . Thus, this factor does not favor abstention."). Because Plaintiffs seek only damages in this action, the first *Colorado River* factor does not favor absten-

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)    Judge Seltzer's Report and Recommendation [ECF No. 25] is **AFFIRMED AND**

       **ADOPTED** and incorporated into this Order by reference;

(2)    Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF No. 12] is **GRANT-**

       **ED in part**;

(3)    this action is **STAYED** and **CLOSED** for administrative purposes. Plaintiffs may

       move to reopen upon resolution of the state court foreclosure action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of September, 2018.


_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

tion. Nevertheless, considering all of the factors, the Court agrees that *Colorado River* abstention is
appropriate.